United States District Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MINA K. SINACORI, M.D., M.P.H., P.A. d/b/a MEMORIAL WOMEN'S SPECIALISTS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-22-4098 |
| MEMORIAL WOMEN'S CARE, PLLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Mina K. Sinacori d/b/a Memorial Women's Specialists ("Plaintiff") filed this action in the District Court of Harris County, Texas, against Memorial Women's Care, PLLC ("Defendant").[1]  Plaintiff alleges claims for Texas common law trademark infringement, Texas common law unfair competition, and injury to business reputation or mark under Texas Business and Commercial Code § 16.103.[2]  Plaintiff also seeks injunctive relief, including an order for Defendant to withdraw a trademark application pending before the U.S. Patent and Trademark Office.[3]

---

[1] Plaintiff's Verified Original Petition and Application for Temporary and Permanent Injunction ("Complaint"), Exhibit 1 to Defendant's Memorial Women's Care, PLLC's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, p. 1.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Id. at 9-11.

[3] Id. at 13 ¶ F.

Pending before the court are Plaintiff's Motion to Remand (Docket Entry No. 9), Defendant Memorial Women's Care, PLLC's Opposed Motion to Consolidate For All Purposes ("Defendant's Motion to Consolidate") (Docket entry No. 6), and Defendant Memorial Women's Care, PLLC's Motion to Dismiss ("Defendant's Amended Motion to Dismiss") (Docket Entry No. 7). For the reasons set forth below, Plaintiff's Motion to Remand will be granted. Because the court lacks subject matter jurisdiction, it will remand the case and Defendant's Motion to Consolidate and Defendant's Amended Motion to Dismiss will be denied as moot.

## I. Plaintiff's Allegations and Procedural Background

Plaintiff filed this action on October 13, 2022, in the 270th Judicial District Court of Harris County, Texas, against Defendant.[4] Plaintiff "is a locally owned and operated obstetrics and gynecology ('OBGYN') medical practice in Houston, Texas that has existed since 2002, and has used the name and mark Memorial Women's Specialists since 2008."[5]

"In late 2021, Plaintiff discovered the existence of a new OBGYN business in the Houston community: Defendant 'Memorial Women's Care, PLLC.'"[6] "In December 2021, Plaintiff sent a cease and desist letter to Defendant demanding that Defendant stop using

---

[4] Id. at 1.

[5] Id. at 3 ¶ 8.

[6] Id. at 4 ¶ 16.

and infringing on Plaintiff's mark."⁷  Plaintiff alleges that Defendant then "file[d] a [federal] trademark application utilizing Plaintiff's 'Memorial Women's' mark."⁸  "This application has not yet been examined by the United States Patent & Trademark Office."⁹

Plaintiff alleges Texas common law trademark infringement, Texas common law unfair competition, and injury to business reputation or mark under Tex. Bus. & Comm. Code § 16.103.¹⁰  The Complaint also includes an "Application for Temporary and Permanent Injunction."¹¹  The requested injunctive relief includes ordering "Defendant to withdraw with prejudice any and all trademark applications or registrations that infringe upon Plaintiff's trademark rights, including but not limited to the Infringing Application."¹²

Defendant removed the action to this court on November 25, 2022, on the basis of federal question jurisdiction.¹³  The same day, Defendant filed a separate lawsuit in this court, seeking

---

⁷Id. at 6 ¶ 26.

⁸Id.

⁹Id. ¶ 27.

¹⁰Id. at 9-11.

¹¹Id. at 6.

¹²Id. at 13 ¶ F.

¹³Notice of Removal, Docket Entry No. 1, p. 1.

declaratory judgment negating each of Plaintiff's claims in this case.[14] Defendant describes the action as a "declaratory action of non-infringement of [Plaintiff's] purported trademark for Memorial Women's Specialists, the absence of unfair competition by [Defendant], and lack of injury to [Plaintiff]'s business reputation."[15] Defendant filed its Motion to Consolidate on December 6, 2022, seeking to combine this case with the declaratory judgment action.[16]

Defendant filed its Motion to Dismiss in this action on December 2, 2022, and amended it on December 8, 2022.[17] Plaintiff filed its Motion to Remand on December 8, 2022.[18] Defendant filed Defendant Memorial Women's Care, PLLC's Opposition to Plaintiff Sinacori's Motion to Remand ("Defendant's Response") (Docket Entry No. 14) on December 29, 2022. Plaintiff filed Plaintiff's Reply to Memorial Women's Care, PLLC's Opposition to Plaintiff's Motion to Remand (Docket Entry No. 19) on January 5, 2023.

---

[14] Original Complaint, Exhibit B to Plaintiff's Response to Defendant's Motion to Consolidate, Docket Entry No. 13-2, p. 1.

[15] Id. ¶ 1.

[16] Defendant's Motion to Consolidate, Docket Entry No. 6, pp. 1-2.

[17] Defendant Memorial Women's Care, PLLC's Motion to Dismiss, Docket Entry No. 5, p. 1; Defendant's Amended Motion to Dismiss, Docket Entry No. 7, p. 1.

[18] Plaintiff's Motion to Remand, Docket Entry No. 9, p. 1.

## II. Removal and Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a)[19] a defendant may remove a state court civil action to federal district court if it has original jurisdiction. See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This grant of "federal question" jurisdiction includes cases where "federal law creates the [plaintiff's] cause of action." Singh v. Duane Morris LLP, 538 F.3d 334, 337 (5th Cir. 2008). A state law claim only provides federal question jurisdiction if "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." Id. at 338.

Federal courts have subject matter jurisdiction over any "civil action arising under any Act of Congress relating to . . .

---

[19]Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

trademarks." 28 U.S.C. § 1338(a). Section 1338(b) also grants jurisdiction over state law "claim[s] of unfair competition when joined with a substantial and related claim under the . . . trademark laws." 28 U.S.C. § 1338(b). Section 1338(b) jurisdiction depends on the presence of a <u>federal</u> trademark claim. <u>International Order of Job's Daughters v. Lindeburg & Co.</u>, 633 F.2d 912, 916 n.7 (9th Cir. 1980).[20]

"[T]he plaintiff is the master of her complaint." <u>Hoskins v. Bekins Van Lines,</u> 343 F.3d 769, 772 (5th Cir. 2003). "A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." <u>Id.</u> at 772-73; see also <u>Merrell Dow Pharmaceuticals Inc. v. Thompson,</u> 106 S. Ct. 3229, 3233 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Property and Casualty Insurance Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." <u>Id.</u>

---

[20] In other words, a state law unfair competition claim and a state law trademark claim cannot combine to create federal jurisdiction under § 1338(b).

### III. <u>Analysis</u>

Defendant argues that the court has federal question jurisdiction over this case for four reasons. First, Defendant argues that § 1338(a) confers jurisdiction in this case because Plaintiff's "claims arise under the Lanham Act and relate to trademarks."[21] Second, Defendant argues that Plaintiff's "demand to terminate Defendant MWC's federal trademark application" grants § 1338(b) jurisdiction over Plaintiff's related state law unfair competition claim.[22] Third, Defendant argues that Plaintiff "specifically pleads violation of 'the Trademark Act of 1946 (Lanham Act), as amended (15 U.S.C. Section 1051 et seq.,'" a federal claim.[23] Fourth, Defendant argues that Plaintiff's state law claims require resolution of substantial questions of federal law and therefore grant § 1331 jurisdiction.[24] Plaintiff responds that she asserts no federal claims and that her state law claims do not present substantial questions of federal law.

**A.   28 U.S.C. § 1338(b) Jurisdiction - Federal Trademark Claims**

Plaintiff alleges claims for Texas common law trademark infringement, Texas common law unfair competition, and injury to business reputation or mark under Tex. Bus. & Comm. Code § 16.103.

---

[21]Defendant's Response, Docket Entry No. 14, p. 4 ¶ (1)(b).
[22]<u>Id.</u> at 3 ¶ (1)(a).
[23]<u>Id.</u> at 4 ¶ (2).
[24]<u>Id.</u> at 4-5 ¶ (3).

Defendant does not dispute that each of these are state law claims. Defendant instead argues that 28 U.S.C. § 1338(a) grants jurisdiction because Plaintiff asserts a federal trademark claim by requesting that the court order Defendant to withdraw its federal trademark application. Defendant appears to argue that this request should be construed as a claim under either 15 U.S.C. § 1063, § 1064, or § 1119. Section 1063 provides the ability to file an opposition to a trademark application. It does not create a federal cause of action, and Defendant fails to explain how it has any applicability to federal court proceedings. Section 1064 authorizes "any person who believes that he is or will be damaged . . . by the registration of a mark" to file a lawsuit seeking cancellation of the trademark. But a § 1064 petition is only available against registered trademarks, not pending applications. Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc., 395 F. Supp. 2d 891, 905 (D.S.D. 2005); Whitney Information Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005). Section 1119 provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation [sic] of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." Like § 1064, § 1119 is not available where there is a pending trademark application. GMA Accessories, Inc. v. Idea Nuova, Inc., 157 F. Supp. 2d 234, 241 (S.D.N.Y. 2000). Even if § 1119 were relevant

to this case, it is merely a remedial statute "rather than an independent basis for federal jurisdiction." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 98 (2d Cir. 2011).[25] Defendant fails to explain how Plaintiff's requested relief is a federal claim. It therefore does not supply federal subject matter jurisdiction under § 1338(a).

**B.  28 U.S.C. § 1338(b) Jurisdiction - Unfair Competition Claims**

Defendant argues that § 1338(b) confers subject matter jurisdiction. Section 11338(b) grants jurisdiction where a plaintiff brings an unfair competition claim related to a substantial trademark claim. This does not apply here because § 1338(b) requires the presence of a <u>federal</u> trademark claim. <u>See</u> 28 U.S.C. § 1338(b); <u>International Order of Job's Daughters,</u> 633 F.2d at 916 n.7. Plaintiff's only claim for trademark infringement arises under state law. Section 1338(b) therefore does not confer subject matter jurisdiction in this case.

**C.  Whether Plaintiff Pleads a Federal Lanham Act Claim**

Defendant argues that Plaintiff pleads a federal cause of action arising under the Lanham Act. Defendant's argument points to a brief statement in Plaintiff's Complaint:

> Despite Defendant's use of Plaintiff's "Memorial Women's" mark in the name of its newly formed entity, the

---

[25]<u>See also Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.</u>, 744 F.3d 595, 599 (9th Cir. 2014); <u>Ditri v. Coldwell Banker Residential Affiliates, Inc.</u>, 954 F.2d 869, 873 (3d Cir. 1992).

>registration of a name does not authorize the use of such name in violation of another's rights under (I) the Trademark Act of 1946, as amended (15 U.S.C. Section 1051 et seq.) . . .[26]

This single reference to a federal statute does not amount to pleading a federal cause of action. Plaintiff does not attempt to plead or even recite the elements of any federal claim.

### D.  Jurisdiction Based on Substantial Questions of Federal Law

Defendant argues that Plaintiff's state law claims implicate federal law issues and therefore confer federal question jurisdiction. A state law claim cannot confer federal question jurisdiction unless resolving a substantial, disputed federal issue is necessary to resolve the state-law claim. Singh, 538 F.3d at 338.[27] Defendant argues that Plaintiff's request that the trademark application be withdrawn is an "essential element of Plaintiff Sinacori's claims against Defendant."[28] But again, this request is not itself a claim or an element of a claim. It is a part of Plaintiff's requested relief. Defendant does not explain why determining Plaintiff's right to that item of relief is legally

---

[26]Complaint, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶ 17.

[27]See also Howery v. Allstate Insurance Co., 243 F.3d 912, 917 (5th Cir. 2001) (State law claim confers federal question jurisdiction only if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial.").

[28]Defendant's Response, Docket Entry No. 14, p. 5 ¶ (1).

necessary to determine whether Defendant is liable for Plaintiff's claims. See Howery, 243 F.3d at 917.

The court concludes that there is no substantial, disputed federal issue that must be resolved to adjudicate Plaintiff's state law claims. Plaintiff's state law claims therefore do not supply federal question jurisdiction in this case. Because the case will be remanded for lack of subject matter jurisdiction, the court does not reach Defendant's arguments for consolidation or dismissal. Defendant Memorial Women's Care, PLLC's Opposed Motion to Consolidate for All Purposes (Docket Entry No. 6) and Defendant Memorial Women's Care, PLLC's Motion to Dismiss (Docket Entry No. 7) are therefore **DENIED AS MOOT**.

## IV. Conclusion and Order

For the reasons explained above, the court concludes that it lacks subject matter jurisdiction in this case. Plaintiff's Motion to Remand (Docket Entry No. 9) is therefore **GRANTED,** and this case is **REMANDED** to the 270th District Court of Harris County, Texas. The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

**SIGNED** at Houston, Texas, on this 6th day of February, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE